**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000590
29-OCT-2021
07:51 AM
Dkt. 85 SO**

NO. CAAP-19-0000590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JUSTIN IKEDA, also known as Justin Hideo Okazaki,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTC-18-508652)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant, Justin Ikeda (**Ikeda**) appeals from the July 23, 2019 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), and October 15, 2019 [Amended] Notice of Entry of Judgment and/or Order and Plea/Judgment (**Amended Judgment**), as further amended by the September 16, 2020 [Second Amended] Notice of Entry of Judgment and/or Order and Plea/Judgment (**Second Amended Judgment**), which were entered

against him by the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

On January 23, 2019, the State of Hawaiʻi (**State**) charged Ikeda with three counts:  Count 1, Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1), and/or (a)(2), (c)(3) (Supp. 2017) (**Count 1**); Count 2, Conditions of Operation and Registration of Motor Vehicles, HRS § 431:10C-104(a) (2005), HRS § 431:10C-117(a) (2005 & Supp. 2017) (**Count 2**); and Count 3, Littering from Vehicles, HRS § 291C-132(a) (2007) (**Count 3**).

After receiving Ikeda's written jury trial waiver form and conducting an oral colloquy, the District Court determined that Ikeda had waived his right to a jury trial.

Following a bench trial, the District Court found Ikeda guilty on all three counts.  Under Count 1, Ikeda was sentenced to one year imprisonment, subject to a $2,000 fine, and permanent revocation of his license; under Count 2, he was sentenced to five days in jail and a three month license suspension; and under Count 3, he was sentenced to one day in jail.

Ikeda raises a single point of error on appeal, contending that the District Court plainly erred when it failed

---

[1]     The Honorable Michelle N. Comeau presided.

to obtain a knowing, voluntary, and intelligent waiver of his right to a jury trial on the OVUII charge in Count 1.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ikeda's point of error as follows:

Ikeda argues that, during the District Court's oral colloquy with him, the District Court became aware that Ikeda did not know that he was subject to a mandatory one-year term of imprisonment and the permanent loss of his driver's license. This argument is, however, based on an error in the transcription of the proceedings. The transcript states:

> [District Court]: Did she [referring to defense counsel] also tell you what the maximum possible penalty for each charge might be if convicted?
>
> [Ikeda]: No.

Noting that it was odd that the District Court moved on to the next question and did not clarify for Ikeda – and neither defense counsel nor the prosecuting attorney attempted to address the issue – the State reviewed the CD Electronic Recording from which the transcript was transcribed. The State discovered that there was no discernible response to the District Court's question and requested a correction or modification of the transcript. Upon this court's temporary remand to the District Court to address the issue, the District Court entered an order finding that there was no discernible response to the question.

Ikeda argues that his negative response to the District Court's question, as stated above, constitutes a salient fact contained in the record that his oral waiver was not knowingly or intelligently obtained. However, the record does not in fact contain such negative response, and the circumstances identified by the State do not support an assumption that the lack of any discernible response is tantamount to a negative response. Ikeda points to no other salient facts and makes no other argument.

The Hawaiʻi Supreme Court has held that "the validity of the waiver of a right to a jury trial is reviewed under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." State v. Gomez-Lobato, 130 Hawaiʻi 465, 470, 312 P.3d 897, 902 (2013) (citation, emphasis and internal quotation marks omitted); see also State v. Torres, 144 Hawaiʻi 282, 284, 439 P.3d 234, 236 (2019) ("[W]e require trial courts to conduct on-the-record colloquies prior to accepting such waivers, thereby ensuring that defendants understand the nature and consequences of their decisions and make their choices freely.").

Upon our review of the totality of the circumstances surrounding this case, taking into account Ikeda's background, experience, and conduct, as well as the written jury trial waiver (including defense counsel's certification), and the oral colloquy, we conclude that the District Court did not err in

determining that Ikeda intelligently, knowingly, and voluntarily waived his right to a jury trial.

Accordingly, the District Court's September 16, 2020 Second Amended Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, October 29, 2021.

On the briefs:

Susan Arnett,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge